OPINION
Anita Hammer, the mother of the minor child, Adrian Cornely, is appealing from the decision of the Juvenile Court of Montgomery County, Ohio, changing the custody of Adrian from her to the father. Because we find no final appealable order, this appeal will be dismissed.
The change of custody decision was initially made by a magistrate of the Juvenile Court, but its decision was purely conclusory in nature. The mother filed "numerous objections" (Entry, Doc. 36) to the magistrate's decision, which the trial court found to be timely filed, but the entry, dated April 2, 1998, considered only the objection that the magistrate erred by not providing written findings of facts and conclusions of law pursuant to R.C. 2151.28(C)(L). The court sustained that objection and ordered the magistrate to prepare findings of fact and conclusions of law within thirty days from the date of its entry. No such findings and conclusions were filed by the magistrate, and on November 17, 1998, the court overruled all the mother's objections except the one relating to the missing findings of fact and conclusions of law. For a second time, the trial court "ORDERED the magistrate to supplement the decision of August 6, 1997, with findings of facts and conclusions of law." Entry and Order, doc. 38. The appeal is taken from this November 17, 1998, entry. That entry, however, is not final and appealable since the findings of fact and conclusions of law, which the court properly ordered the magistrate to provide, have yet to be filed.
The time period for filing a notice of appeal does not commence to run until the trial court files its findings of fact and conclusions of law. Walker v. Doup (1998), 36 Ohio St.3d 221, syllabus. As the Supreme Court stated in Walker: "Until a trial court files its findings of fact and conclusions of law, an appellant has no opportunity to determine the basis for an appeal. Requiring an appellant to perfect an appeal without having findings and conclusions for him would deter judicial economy, would guarantee two trips to the appellate court — first, to compel the findings and conclusions and second, to review the decision on the merits." Id., 231. The two-trip scenario envisioned by the Supreme Court is exactly what is happening in this case.
The appeal is dismissed, and the case is remanded to allow the trial court to enter findings of fact and conclusions of law, and then rule upon any timely objections filed thereafter.
GRADY, P.J. and BROGAN, J., concur.
Copies mailed to:
James R. Kirkland
Arvin S. Miller
Kirsten A. Davies
Hon. Michael B. Murphy